UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL MOORE, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )   No. 4:09-CV-2053 RWS |
| v. | ) |
| | ) |
| **CITY OF ST. LOUIS, MISSOURI, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## CONSENT JUDGMENT

This matter comes before the Court on the Parties' joint motion for entry of consent judgment. Plaintiffs Michael Moore, Kelly Owens, Anita Keely, DeAndre Tyler, Stefene Russell, Bobby Williams, Walter Winston, and Mark Ogier filed this action for declaratory and injunctive relief on December 16, 2009. Plaintiffs assert St. Louis City Revised Code § 11.18.180 (hereinafter "§ 11.18.180" or "Ordinance") impermissibly infringes upon their free speech rights as set forth in the First Amendment to the United States Constitution. Defendants are the City of St. Louis, St. Louis Board of Police Commissioners, Todd Epsten, Bettye Battle-Turner, Vincent Bommarito, Julius Hunter and Francis Slay.

The Parties have asked this Court to enter a consent judgment consistent with their agreement. Being fully advised in the premises, the Court grants the joint motion for entry of consent judgment.

It is ordered:

1.      Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them, or in connection with them, will not enforce or

threaten to enforce § 11.18.180 absent a prior order of this Court modifying or vacating any consent judgment entered by this Court;

2.   Under the holding of *Krantz v. City of Fort Smith*, 160 F.3d 1214 (8th Cir. 1998), enforcement of § 11.18.180 would be interpreted as an infringement upon the First Amendment speech rights of Plaintiffs and other non-parties to this litigation;

3.   Defendants shall take all necessary steps to ensure that § 11.18.180 is removed from law enforcement charge codes and that all police officers, park rangers, and others charged with enforcement of § 11.18.180 are made aware of this consent judgment within sixty days;

4.   This Court retains jurisdiction to enforce this consent judgment;

5.   Any substantive change in the law that calls into question the continued validity of the holding in *Krantz* shall be grounds to modify or vacate this consent judgment pursuant to a FED.R.CIV.P. 60(b) motion; and

6.   The Parties are to bear their own costs, including attorneys' fees, associated with this litigation. Plaintiffs may file a motion for attorneys' fees if postjudgment proceedings are required.

Dated this 4th day of February, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE